**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| PAULINE E. HALL TRUST,<br>　　Plaintiff,<br><br>　　　　　v.<br><br>SPECIALIZED LOAN SERVICING, LLC, *et al.*,<br>　　Defendants. | Civil Action No.<br>1:22-cv-4486-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendants' joint motion to dismiss for failure to state a claim [ECF 2]. The motion is **GRANTED**.

Plaintiff Pauline E. Hall Trust (the Hall Trust) filed this action in the Superior Court of Gwinnett County, Georgia against Defendants on September 20, 2022, alleging securities fraud, unfair and deceptive business practices, breach of fiduciary duty, and violations of the Racketeer Influenced and Corrupt Organizations Act, among other claims.[1] All told, the Hall Trust seeks $13 million from Defendants for their alleged "conspir[acy] to deprive [the Hall Trust] of its assets and rightfully due investment profits."[2] Defendants removed the case to this

---

[1] *See generally* ECF 1-1.

[2] *Id.* ¶ 31.

Court on November 10, 2022.[3] On November 16, they jointly moved to dismiss.[4] That motion, which the Hall Trust did not oppose, is ripe for consideration. LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). Despite that the motion to dismiss is unopposed, the Court nevertheless considers its merits. *Simpson v. Countrywide Home Loans*, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) ("Unopposed" under Northern District of Georgia Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims in the motion to dismiss context.), *report and recommendation adopted*, 2010 WL 3190686 (N.D. Ga. Aug. 11, 2010).

The short motion to dismiss advances one argument, which correctly summarizes the dispositive law: "The Court must dismiss this case because it was filed by a non-attorney individual in a representative capacity for Plaintiff, a trust that must be represented by counsel under Georgia and federal law."[5] *See Shuman v. Citibank N.A.*, 2013 WL 12098818, at *3 (N.D. Ga. Jan. 29, 2013) (collecting cases holding that trusts cannot proceed *pro se*). Here, Grace D. Johnson, "Authorized

---

[3]   ECF 1.

[4]   ECF 7.

[5]   ECF 2-1, at 3.

Agent" for the Hall Trust, signed the state court pleading.[6] Because a trust can act only through agents like Johnson, it cannot proceed *pro se*, and therefore, must be represented by counsel. *J.J. Rissell, Allentown, PA Tr. v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020). *See also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); *Mitchelle Art 89 Tr. v. Astor Alt, LLC*, 2015 WL 4394887, at *2 (N.D. Ga. July 15, 2015) ("Because Arnold and Jones are not attorneys and are not authorized to practice law in this Court, they cannot represent the Trust in this action.").

The motion to dismiss [ECF 2] is **GRANTED**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 6th day of September, 2023.

Steven D. Grimberg
United States District Court Judge

---

[6] ECF 1-1, at 13.